UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA PRICE,

    Plaintiff,                                   Case No.  03-60218

v.                                               District Judge Marianne O. Battani
                                                   Magistrate Judge R. Steven Whalen

FEDERAL EXPRESS CORPORATION,

    Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO COMPEL DEPOSITION AND FOR SANCTIONS**

Before the Court is Defendant's Motion to Dismiss for Failure to Prosecute, or in the Alternative, Motion to Compel Deposition [Docket #11].  For the reasons set forth below, the Court will treat this as a Motion to Compel rather than a Motion to Dismiss, and as such will grant the motion.[1]

### I.    BACKGROUND FACTS

Plaintiff Lisa Price filed her Complaint on October 14, 2003. She is proceeding *pro se*. Defendant filed an Answer with Affirmative Defenses on April 2, 2004.  On October 20,

---

[1]A motion to dismiss is a dispositive motion, and therefore would have to be disposed of by Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). By construing this as a non-dispositive motion to compel, the alternative proposed by the Defendant, this Court may decide the matter by order under 28 U.S.C. §636(b)(1)(A).

2004, following a telephonic conference with the parties, the Court entered a scheduling order setting a discovery cut-off date of June 30, 2005, and a dispositive motion cut-off date of August 15, 2005.

Defendant noticed Plaintiff's deposition for June 30, 2005 in Port Huron, Michigan, close to Plaintiff's residence, and on June 21, 2005 mailed the notice to the Plaintiff at the address she provided. Defendant describes the following chronology:

1. On Friday, June 24, 2005, defense counsel left a message on Plaintiff's answering machine regarding the upcoming deposition.

2. On Monday, June 27, 2005, counsel again telephoned the Plaintiff, and spoke with an unidentified man. Plaintiff concedes at ¶14 of her Response that it was her husband who answered the phone and spoke with Mr. Efkeman, Defendant's counsel. Plaintiff's husband told counsel that Plaintiff was to ill to come to the telephone. Counsel asked if Plaintiff would be well enough to attend the deposition on June 30th, and the husband said he did not know. Counsel was advised that he could call back between 5 pm and 6 pm that day.

3. Counsel called Plaintiff again at 5:10 p.m. on June 27, 2005, but no one answered.

4. Counsel called again at 5:55, and the answering machine picked up. Counsel left a message for Plaintiff to call about the deposition, or leave a voice mail message as to whether she would attend.

5. Plaintiff did not return counsel's call. Counsel called Plaintiff again three times on June 28, 2005, but was unable to reach her. The first two calls were unanswered, either by a person or an answering machine. On the third call, at 7:20 p.m., the answering machine

picked up and counsel left a message for Plaintiff to call back and advise whether or not she was going to appear at her deposition on June 30th. Counsel also advised that if she did not respond one way or the other, he would seek costs.

6. Plaintiff did not return the call. On June 29, 2005, counsel called Plaintiff twice, at 12:15 p.m. and at 3:05 p.m., before leaving for the airport. (Counsel's office is in Memphis, TN). The calls were unanswered, either by a person or by answering machine.

7. Not having received a response, counsel appeared for the deposition in Port Huron on June 30, 2005. Plaintiff did not appear, nor did she leave any message with counsel or his staff.

Defendant seeks either dismissal for failure to prosecute under Fed.R.Civ.P. 41(b) or an order compelling Plaintiff's deposition and requiring her to pay costs associated with her failure to appear at the deposition noticed for June 30, 2005.

In response, Plaintiff states that she was away from home between June 20, 2005 and June 26, 2005, and first learned of Defendant's intent to conduct a June 30th deposition on June 26th or 27th. She states that she would have been unable to attend a June 30th deposition because she attended classes on that day. She acknowledges that her husband received a telephone call from defense counsel on June 27, 2005. While Plaintiff concedes that the court reporter's fee of $60.00 "was a reasonable fee for setting up a possible time for a deposition," she argues that defense counsel acted unreasonably in flying to Michigan "because he had no reasonable belief that Plaintiff would be attending the deposition."

## II.   FAILURE TO PROSECUTE

Defendant suggests dismissal under Fed.R.Civ.P. 41(b) for failure to prosecute. However, the drastic remedy of dismissal is not appropriate under the facts of this case. The Court should consider four factors in deciding whether to dismiss under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th cir. 1999).

As to the first factor, Plaintiff is clearly at fault for failing to appear at her deposition. She knew at least by June 27th that the deposition was scheduled for June 30th, and she knew that defense counsel had called her on June 27th. If she had a problem with the June 30th date, she had an obligation to inform counsel. Indeed, given the messages counsel left with Plaintiff's husband and on her answering machine, along with Plaintiff's admitted knowledge that a deposition was scheduled, her failure to either call counsel to change the date or appear at the deposition showed an utter lack of responsibility and basic courtesy.

However, the other three factors weigh against dismissal. Defendant was indeed prejudiced by Plaintiff's non-appearance at her deposition, but that prejudice is curable, as discussed below. Most importantly, Plaintiff has not up to this point been warned that failure to cooperate in discovery may lead to dismissal, and less drastic sanctions can be imposed.

Accordingly, the Court will treat this as a Motion to Compel Deposition and for Sanctions.

### III.     COMPELLING DEPOSITION AND IMPOSING SANCTIONS

First, the Court will order that, unless she has already done so, Plaintiff appear for a deposition within two weeks of the date of this Order.  The deposition will be held in Port Huron, Michigan.

In addition, Plaintiff shall compensate Defendant for costs incurred as the result of her non-appearance at the June 30, 2005 deposition, including travel costs.  Defense counsel did not act unreasonably, as Plaintiff suggests.  He scheduled a deposition, and Plaintiff by her own admission had notice of the date.  Defense counsel went out of his way to ascertain whether that date was problematic for the Plaintiff, leaving numerous messages, yet Plaintiff chose not to reply.  If counsel had not appeared at the deposition, but Plaintiff had appeared, then it would be Defendant who would be subject to sanctions.  Further, Plaintiff concedes that it would be appropriate for her to bear the cost of the court reporter.   If that is so, then it follows that she should also bear the cost of defense counsel's travel; why would counsel procure a court reporter, and then not show up?

Finally, I recognize that Plaintiff appears *pro se*, and is therefore accorded a certain amount of latitude which an attorney would not enjoy.  However, even a *pro se* litigant has to follow the rules.  The Court is concerned with the lack of attention Plaintiff has thus far given to this case, as well as her lack of cooperation and civility.  It doesn't take a legal education to figure out that if you can't appear at a scheduled deposition, you should call the other party and reschedule.  Plaintiff is advised to heed the warning set forth below.

### IV.     CONCLUSION

Accordingly, Defendant's Motion to Compel Deposition and for Sanctions [Docket #11] is GRANTED.

Plaintiff shall appear for her deposition in Port Huron, Michigan no later than two weeks from the date of this Order.

Plaintiff is assessed costs in the amount of $764.50.

PLAINTIFF'S FAILURE TO COMPLY WITH THIS ORDER, WITH ANY FUTURE ORDER OF THE COURT, OR WITH LEGITIMATE DISCOVERY REQUESTS WILL RESULT IN A REPORT AND RECOMMENDATION THAT THE COMPLAINT BE DISMISSED WITH PREJUDICE.

SO ORDERED.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: October 28, 2005

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 28, 2005.

S/Gina Wilson
Judicial Assistant